## McKibbin vs. The State.

1. ROADS: *Obstructing and changing*:

It is an indictable offence for one to change a public road running across his land without authority of the County Court.

APPEAL from *Sebastian* Circuit Court.

HON. R. B. RUTHERFORD, Circuit Judge.

*C. B. Moore*, Attorney General, for the State.

It is the "act" and not the "intent" that constitutes the offense under the *Acts of* 1874, *p.* 54. Appellant changed the road at his peril. The cutting of a new road does not affect his guilt or innocence.

EAKIN, J. The appeal is from a conviction on an indictment for obstructing a public highway by building a fence across it and turning the course of travel. There was a motion for a new trial, and a bill of exceptions, from which it appears; That at the January term, 1881, the County Court of the Ft. Smith District declared the road districts of a certain township, and amongst them, as District No. 3, the "Jenny Lind Road," commencing at a certain point on the Ft. Towson road," and extending to the line between Upper and Marion townships. Also, that said road had been recognized as a public highway by the County Court since 1875, and that from time to time overseers had been appointed on it, and hands assigned them, who had worked the road. It ran originally in a diagonal direction through a forty acre tract of the defendant. He built a fence and turned it around the tract, thus increasing the distance about two hundred and fifty yards. The road was very good, either way, and there was no inconvenience to the public save such as resulted from increase of distance.

It is urged that there were errors in giving and refusing

instructions, and that the verdict was contrary to the law and the evidence.

The Act of December 4th, 1874, makes it an indictable misdemeanor to obstruct any public road, by placing in it any obstruction whatever, without any saving except in favor of those cutting timber for lawful purposes, or those ditching for drainage, who may immediately remove the wood from the road, or keep the ditches in repair. The law makes no exception nor provision for those who obstruct a public highway at one point and offer an equally good passway at another. In every improving country, occasions frequently arise for insignificant purprestures or infringements upon highways, as well as for the use by the traveling public of private lands for passage. These things must, however, be left to the good sense and neighborly feelings of the citizens, and grand juries might well decline to entertain prosecutions evidently trivial or malicious.

But the law cannot safely draw any line between such as are permissable and such as are not, and must prohibit any. It would not do to leave highways at the discretion of land owners, for each doing a little, all might make a very tortuous and difficult road for the traveler. The law is imperative, and every obstruction within the fair scope of the statute is indictable. The proof that it was a public road is *prima facie*, sufficient. See *State v. Moore and State v. Hagood in 23 Ark., pp.* 550 *and* 553.

The instructions given and the refusal of others are in accordance with this view of the law, and the evidence sustains the verdict.

Affirm.